959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel SOSA, Defendant-Appellant.
 No. 90-5723.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1992.
Decided April 6, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Clyde H. Hamilton, District Judge. (CR-89-214)
 Argued: Paul E. Tinkler, Wallace & Tinkler, Charleston, S.C., for appellant; John Michael Barton, Assistant United States Attorney, Columbia, S.C., for appellee.
 On Brief: E. Bart Daniel, United States Attorney, Alfred Wm. Bethea, Assistant United States Attorney, Florence, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Manuel Sosa appeals his conviction by a jury in the District of South Carolina of conspiracy to possess cocaine and to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Sosa alleges that he was convicted of being a part of a conspiracy involving conduct in New York, North Carolina, and South Carolina but that the evidence at most establishes the existence of multiple separate conspiracies in each of those locations. Thus, he argues, he could not lawfully be convicted of conspiracy to distribute drugs in South Carolina when his admittedly illegal behavior took place in New York and North Carolina. However, the evidence established the existence of a conspiracy to obtain cocaine from New York and elsewhere and to distribute it from a base in Charlotte, North Carolina, to customers nearby, including some in Rock Hill, South Carolina. Testimony established that Sosa took an active role in the distribution network and made a number of trips from New York to Charlotte to further the enterprise. The trial judge properly instructed the jury on the issue of multiple versus single conspiracies. He further instructed the jury that it could not convict an individual defendant if it did not find that a single conspiracy existed and the defendant participated in it. Thus instructed, the jury, on sufficient evidence, convicted Sosa of participation in a single conspiracy.
 
 
 2
 Sosa contends on appeal that venue was improperly laid in the District of South Carolina and that his counsel were ineffective because, among other alleged failures, they did not contest venue there. However, because one end point of the distribution network was Rock Hill, venue was properly laid in that district. See, e.g., United States v. Goldman, 750 F.2d 1221, 1226 (4th Cir.1984). Since there was no error in venue, failure to contest it could not rise to the level of ineffective assistance. Trial counsel's failure to move for a bill of particulars and for severance also do not meet the test for ineffective assistance set by Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 3
 AFFIRMED.